**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-09-01114-003-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Juan Carreño-Gutierrez, | |
| Defendant. | |

Pending before the Court is Juan Carreño-Gutierrez's ("Defendant") Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(2) (Doc. 409). For the following reasons, Defendant's motion is denied.

## BACKGROUND

On June 30, 2010, Defendant was found guilty of **(1)** conspiracy to possess 50 grams or more of methamphetamine with intent to distribute, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A)(viii) and **(2)** possession with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii) and 18 U.S.C. § 2. A superseding indictment added one count against the Defendant of possession of a firearm during and in furtherance of a drug trafficking crime. Defendant was sentenced to fifteen years in prison: ten years for the drug crimes and five years for the firearms offense. He is scheduled for release into Immigration and Customs Enforcement for removal proceedings on November 23, 2022. On October 18, 2021, Defendant filed his first Motion

for Compassionate Release under 18 U.S.C. § 3582(c)(2) and "new amendments set out in the 'First Step Act' bill." (Doc. 409.) However, it was denied.

## DISCUSSION

### I. Legal Standards

Compassionate release is governed by 18 U.S.C. § 3582(c), as amended by the First Step Act of 2018. Pub. L. No. 115-391, 132 Stat. 5194, at 5239–40 (2018); *United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021). A federal court "may not modify a term of imprisonment once it has been imposed," except under the circumstances listed in 18 U.S.C. § 3582(c). *United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021).[1]

First, a court may reduce a defendant's term of imprisonment in any case "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant" after he has exhausted administrative remedies or "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); Pub. L. No. 115-391, Title VI, sec. 603(b)(1), § 3582, 132 Stat. 5194, 5239 (2018). When one of those prerequisites has occurred, a court can reduce a prisoner's term of imprisonment if it finds "extraordinary and compelling reasons warrant such a reduction," and the reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A), (i).

Second, in cases where "a defendant [] has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," a court may reduce a term of imprisonment "upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion" after considering the factors set out in § 3582(a) in a manner that is consistent with the Sentencing

---

[1] The Court does not consider the CARES Act in part because Defendant has not raised this claim but also because those provisions do not permit a federal district court to place a prisoner in "home confinement, or [grant] any other relevant modification." *United States v. Kinney*, No. CR100079601PHXJJT, 2020 WL 4192262, at *1 (D. Ariz. July 21, 2020). While the Court appreciates its obligation to read prisoner's complaints liberally, the CARES Act is simply inapplicable to Defendant's Motion in this Court. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1991). According to the Federal Public Defender, any proper action under the CARES Act would need to be filed in in "the District of South Carolina, where [Defendant] is confined." (Doc. 409 at 2.)

Commission's policy statements. 18 U.S.C. § 3582(a). However, under 18 U.S.C. § 3553(f)(2), a court cannot reduce a statutorily imposed minimum sentence if it finds that "the defendant . . . possess[ed] a firearm or other dangerous weapon (or induce[d] another participant to do so) in connection with the offense."

## II.   Analysis

Defendant brings his Motion under 18 U.S.C. § 3582 (c)(2), but it fails for two reasons. First, his charges carried statutory, mandatory minimum sentences, i.e., they were not based on sentencing ranges that were later lowered by the Sentencing Commission. *See, e.g.*, 21 U.S.C. § 841(b) (noting that persons in violation "shall be sentenced to a term of imprisonment which may not be less than 10 years"); *Koons v. United States*, 138 S. Ct. 1783, 1787 (2018) (holding that where "sentences were 'based on' their mandatory minimums . . . not on sentencing ranges that the Commission later lowered," prisoners are "ineligible for § 3582(c)(2) sentence reductions."). And second, Defendant was charged with possession of a firearm in connection with his offense, so the Court cannot consider reducing his sentence under 18 U.S.C. § 3553(f)(2).

Next, even reading Defendant's Motion liberally to assume that he intended to bring his Motion under 18 U.S.C. § 3582 (c)(1)(A), he cannot satisfy the pre-requisites set out in that provision: he has not requested relief from the Director of the Bureau of Prisons, 30 days have not lapsed since the receipt of any such request, and he has not pursued any administrative remedies. Thus, the Court does not need to consider any extraordinary circumstances or policy considerations that might warrant a reduction of his sentence.

Finally, Defendant also cites 18 U.S.C. § 3624(c)(2) in support of his Motion, which instructs the Bureau of Prisons to place eligible prisoners in home confinement "to the extent practicable." (Doc. 409 at 2.) However, it does not confer a similar obligation on (or any authority to) federal courts.

## CONCLUSION

For the reasons listed above, the Court finds that Defendant is not eligible for a reduced sentence, compassionate release, or home confinement under the First Step Act.

Accordingly,

**IT IS THEREFORE ORDERED** that Defendants' Motion to Reduce Sentence (Doc. 409) is **DENIED.**

**IT IS FURTHER ORDERED** that having considered the Government's Motion to Seal (Doc. 411), Government's Exhibit A in Response to Defendant's Motion for Sentence Reduction Under the First Step Act, the Court finds it shall be filed under seal because it contains personally identifiable information, and, thus, the Motion is **GRANTED.** The Clerk of Court is directed to file under seal the Government's Exhibit A lodged at Doc. 412.

Dated this 30th day of September, 2022.

*G. Murray Snow*
G. Murray Snow
Chief United States District Judge